UNITED STATES v. HUNTER.

(Circuit Court, S. D. New York. January 25, 1900.)

No. 2,654.

**1. CUSTOMS DUTIES—GUMMED PAPER—SUFFICIENCY OF PROTEST.**

Certain gummed paper for adhesive purposes was erroneously assessed for duty as surface-coated paper, under Tariff Act Aug. 28, 1894, c. 349, § 1, Schedule M, par. 308, 28 Stat. 532, and the importer protested against this assessment, claiming the merchandise to be dutiable under paragraph 313 of said act (28 Stat. 533), as a manufacture "of paper, or of which paper is the component material of chief value, not specially provided for." This claim having been sustained by the Board of General Appraisers, the government appealed, contending that the proper classification should have been under paragraph 310 of said act, which relates to "paper not specially provided for," but provides the same rate as said paragraph 313. *Held* that, as the rate was the same in both paragraphs, the government had nothing to complain of.

Appeal from a decision of the Board of General Appraisers, which reversed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York. Note G. A. 3700 and G. A. 4837. See Bayersdorfer v. U. S. (C. C.) 122 Fed. 969; Knowles v. U. S. (C. C.) 122 Fed. 971; Weil v. U. S. (C. C.) 124 Fed. 1006; and U. S. v. Shea, 114 Fed. 38, 51 C. C. A. 664.

WHEELER, District Judge. This is gummed paper for adhesive purposes. It was assessed by the collector at 30 per cent., as surface-coated paper, under Tariff Act Aug. 28, 1894, c. 349, § 1, Schedule M, par. 308, 28 Stat. 532. The importer protested that it should be assessed at 20 per cent., as a manufacture "of paper, or of which paper is the component material of chief value, not specially provided for," under paragraph 313. The board decided that it should be assessed at 20 per cent., as "paper not specially provided for," under paragraph 310. The only question here is as to the sufficiency of the protest for the action of the board. As the gummed paper is a manufacture of paper of which paper must be the component material of chief value, perhaps it would fall quite as properly under paragraph 313, but as the rate there is the same as under paragraph 310, it is right either way, and the government has nothing to complain of by way of appeal.

Decision affirmed.